# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDER HELTERBRAN, JR.,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 4:14-2338** |
| v. : | **(JUDGE MANNION)** |
| **ANN TARGONSKI, ANTHONY J.** : **ROSINI, MICHAEL P. TOOMEY,** and **ROBERT JOHN,** : | |
| **Defendants** : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Susan E. Schwab, which recommends that the plaintiff's complaint be dismissed with prejudice. (Doc. 6). The plaintiff has filed objections to Judge Schwab's report. (Doc. 7). Based upon the court's review of the record, including the plaintiff's complaint, Judge Schwab's report and recommendation, and the plaintiff's objections thereto, the report of Judge Schwab will be adopted, the plaintiff's objections overruled, and the complaint dismissed with prejudice.

By way of relevant background, the plaintiff, proceeding *pro se*, filed the instant one-count complaint pursuant to 42 U.S.C. §1983, in which he alleges that, on or about July 20, 2013, he contacted defendant John, the Chief of Police for Zerbe Township, Pennsylvania, regarding items allegedly stolen

from him by an individual named William Orme. (Doc. 1). According to the plaintiff, defendant John took no action and, as a result, the plaintiff filed a private criminal complaint. The plaintiff alleges that defendant John informed him that defendant Toomey, an Assistant District Attorney in Northumberland County, declined to prosecute the matter because it was deemed a civil not criminal matter. The plaintiff alleges that Mr. Orme is represented by the son of the President Judge in Northumberland County.

Based upon the above, the plaintiff alleges that defendant John violated his constitutional rights by failing to perform a complete investigation into his complaint. He further alleges that defendants Toomey, Rosini, the former Chief District Attorney in Northumberland County, and Targonski, the current Chief District Attorney in Northumberland County, have violated his rights "by their continued actions and inactions." The plaintiff is seeking declaratory relief, as well as compensatory damages.

In giving the plaintiff's *pro se* complaint preliminary consideration pursuant to the provisions of 28 U.S.C. §1915(e)(2), Judge Schwab determined that the complaint failed to state a claim upon which relief can be granted. In doing so, Judge Schwab found that the plaintiff's entire complaint relies on the flawed premise that the plaintiff has a constitutional right or

interest in the prosecution or investigation of others. Judge Schwab found that he does not, and to allow him to file an amended complaint would be futile. As such, Judge Schwab recommends that the plaintiff's complaint be dismissed with prejudice.

The plaintiff has filed objections to Judge Schwab's report arguing that the report essentially means that it is not illegal for an individual to steal property from those who entrust the individual with its care. Moreover, the plaintiff argues that adopting the report would send a signal to others that it is not a crime to remove the property of another and covert the property for one's own use. The plaintiff finally argues that he is a senior citizen who is entitled to increased protection from abuse and criminal actions against him.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, Judge Schwab is correct that "there is no constitutional right to a[n] investigation or a prosecution." Sanders v. Downs, 420 Fed.App'x.175, 180 (3rd Cir. 2011) (citing Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Thus, the plaintiff's §1983 claims fail against the defendants as a matter of law because the plaintiff cannot establish a deprivation of a federally protected right in which he had a cognizable

4

interest." See Sanders, 420 Fed.App'x. at 180. Despite the plaintiff's argument in his objections to the contrary, the instant decision does not decriminalize theft, but simply follows the law which provides that the plaintiff does not have a federal constitutional right or interest in having Mr. Orme prosecuted. Thus, the report of Judge Schwab will be adopted and the plaintiff's objections overruled in this respect.[1]

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 12, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2338-01.wpd

---

[1]In addition to the above, with respect to the plaintiff's request for monetary damages, the court notes that defendants Rosini, Targonski and Toomey all enjoy prosecutorial immunity. Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. See Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).